Coös,    }
Nov. 4, 1914. }

### HORACE J. HOLDEN v. MAINE CENTRAL RAILROAD.

A mileage ticket issued under chapter 92, Laws of 1913, is not good for passage outside the limits of this state.

ASSUMPSIT, to recover the excess above two cents per mile which the plaintiff was compelled to pay for his transportation on the defendant's road between Coös Junction and Mason in this state. The plaintiff boarded the train at Lancaster in this state, intending to go to Colebrook, also in this state. Between Coös Junction and Mason the defendant's road is in Vermont. The plaintiff offered his mileage ticket in payment of his fare for the entire journey, but the conductor refused to accept it for that part which was in Vermont, and the plaintiff was obliged to pay cash for his transportation over that portion of the road. His mileage ticket was issued under the provisions of chapter 92, Laws of 1913. Upon the foregoing facts the superior court (*Sawyer*, J.) ordered judgment for the defendant, and the plaintiff excepted.

Plaintiff *pro se.*

*Drew, Shurtleff, Morris & Oakes*, for the defendant.

WALKER, J. The statute under which the plaintiff's mileage ticket was issued by the defendant and accepted by the plaintiff provides: "All steam railroads operating a passenger service in this state shall hereafter issue five hundred mile mileage books at the rate of two cents a mile, good for the transportation of the bearer over all their steam railroad lines in this state, and keep them on sale at its ticket offices in this state." Laws 1913, c. 92, s, 1. The plaintiff's ticket provided that it was "good for transportation on the Maine Central Railroad within the state of New Hampshire for as many miles as are represented by attached coupons," and that "this ticket is only good for passage between stations within the state of New Hampshire."

It is quite apparent that the legislature of this state not only does not have the power to regulate fares over railroad lines or parts of lines in an adjoining state, but that in the statute quoted it did not attempt or intend to exercise such extraterritorial power. Nor did it attempt to impose upon railroads doing business in this state the condition that they should transport passengers over portions of their roads in other states at the rate of two cents per mile. The plaintiff bought a ticket which by its terms and under the statute was limited in its use to transportation over lines of the defendant wholly within this state; and when he offered it in payment of his transportation over that part of the defendant's road that is in Vermont, he was asking for a service that was not included in his contract. He was, moreover, upon an interstate journey and could not insist upon an intrastate rate. "To bring the transportation within the control of the state, as part of its domestic commerce, the subject transported must be within the entire voyage under the exclusive jurisdiction of the state." *Pacific etc. Co.* v. *Commissioners*, 9 Saw. 253, 258. This ruling was adopted and applied to a state of facts somewhat similar to those in the present case in *Hanley* v. *Railway*, 187 U. S. 617, where it was substantially held that intrastate rates cannot be extended by a local board to territory beyond the state's limits, although the service begins and ends within the state, for it is still interstate commerce and not subject to local regulations.

*Exception overruled.*

All concurred.